```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

DAVID LORET,

        Petitioner,

        -v-                                   09-CV-6638L

THOMAS L. LAVALLEY,               **ORDER**

        Respondent.
___

        Plaintiff David Loret filed a motion for reconsideration seeking review of this Court's Order dismissing as untimely his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docket No. 7). For the reasons discussed below, plaintiff's motion for reconsideration is denied.

        Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.

        In his motion, plaintiff presents a new ground for relief, namely that his attorney failed to file a notice of appeal which petitioner states constituted ineffective assistance of counsel. Plaintiff was convicted in 2004, nearly six years prior to the filing of the petition in this matter. Yet, petitioner did not raise the notice of appeal issue in his petition.

        Plaintiff has not presented law or facts which would provide a basis for the Court to grant relief from the Order dismissing the

petition under Fed.R.Civ.P. 60(b). Plaintiff is in essence attempting to bring a new claim by filing a motion for reconsideration.

Plaintiff is advised that to present the newly raised claim in the district court he would need to file a second or successive petition for habeas corpus relief. See Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). Pursuant to 28 U.S.C. § 2244, before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. Therefore, in order for the petitioner to raise the notice of appeal issue in the district court, he will first have to file a request for authorization in the Second Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. If the Court of Appeals authorizes the filing of a second or successive application he may then bring a new petition for habeas corpus relief in the district court. See Liriano v. United States of America, 95 F.3d 119 (1996) and 28 U.S.C. § 2244.

Accordingly, plaintiff's motion for reconsideration is hereby denied.

**SO ORDERED.**

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: March 9, 2010
Rochester, New York